UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ASHTON R. O'DWYER, JR.<br>**Plaintiff,** | CIVIL ACTION<br>NO. 06-07280 |
| VERSUS | SECTION "C" |
| THE STATE OF LOUISIANA, ET AL.<br>**Defendants.** | JUDGE HELEN G. BERRIGAN<br>MAG. DIV. (5)<br>MAGISTRATE JUDGE CHASEZ |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AFFIDAVITS, EXHIBITS AND RELATED ALLEGATIONS AND REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

Defendants, Ernest L. Edwards, Joseph L. Shea, Jr. and Charles R. Talley (hereinafter "Defendants" or "former law partner defendants"), submit this Memorandum in support of their Motion to Strike Affidavits, Exhibits and Related Allegations and this Reply Memorandum in Support of their Rule 12(b)(6) Motion to Dismiss the Petition originally filed by Plaintiff, Ashton R. O'Dwyer, Jr. ("O'Dwyer" or "Plaintiff"), in Civil District Court for the Parish of Orleans and subsequently removed to this Court.

**I.   BACKGROUND**

In his Petition alleging various constitutional torts and civil rights violations, Plaintiff has sued a plethora of federal, state and local officers and entities in connection with what he terms a

"criminal hit" on him which allegedly occurred on September 20, 2005. Plaintiff expressly states in his Petition that he *does not know* who ordered the "hit" on him and offers nothing more than pure speculation and conjecture that his former law partners *may* have been involved and "hopes he is wrong" in his conclusory suspicion.

The former law partner defendants filed their Rule 12(b)(6) Motion to Dismiss on November 8th, 2006. Plaintiff thereafter filed his Memorandum in Opposition to the Rule 12(b)(6) Motion(s) to Dismiss filed by Defendants Edwards, Shea and Talley (hereinafter "opposition brief"). This motion, along with various other motions to dismiss filed by other defendants, is set for hearing before this Court on December 6, 2006.

Under the pretext of proffering "information" in support of his opposition to the Rule 12(b)(6) Motion to Dismiss, Plaintiff submits photographs and medical records which provide no insight whatsoever as to how Plaintiff opines that the former law partner defendants may have been involved in the "criminal hit" at issue. Plaintiff further offers two affidavits, one from his psychiatrist, which is replete with hearsay and innuendo, and another from him, which is *not* based on Plaintiff's personal knowledge and contains not one iota of "factual" foundation for his allegations in this suit against his former law partners. Plaintiff relies solely on these medical records and affidavits, along with his allegations in a separate lawsuit pending in state court against these defendants, to support his argument that the claims in *this* lawsuit should not be dismissed.

## II. LEGAL ANALYSIS

### A. All Materials Outside Petition Must be Excluded

As a threshold matter, Fifth Circuit jurisprudence is to the effect that courts do not go outside of the complaint and documents attached thereto in considering a motion to dismiss for

failure to state a claim. *See Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004). Courts generally will not look beyond the factual allegations stated in the complaint and will limit their inquiry to facts expressly stated in the pleadings. *See Gogreve v. Downtown Development District*, 426 F.Supp.2d 383, 388 (E.D. La. 2006), citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Plaintiff's suggestion that Defendants' failure to attach affidavits to their Motion to Dismiss denying that they were complicit in the events of September 20, 2005 (opposition brief, p. 5) is somehow "extremely telling" thus ignores black-letter law regarding Rule 12(b)(6) motions and is patently absurd.

In order to avoid dismissal for failure to state a claim pursuant to Rule 12(b)(6), a plaintiff must plead specific facts, not mere conclusory allegations. *Id.*, citing *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) and *Elliott v, Foufas*, 867 F.2d 877, 881 (5th Cir. 1989). This, Plaintiff O'Dwyer has not done. Conclusory allegations and unwarranted deductions of fact are *not* admitted as true in considering a motion to dismiss. *Id.*, citing *Associated Builders, Inc., v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974).

In the instant case, Plaintiff's Petition does *not* contain any specific factual allegations as to how he believes the former law partner defendants may have acted in concert with the state actor defendants in the alleged arrest or improper treatment of him, and makes clear that he has absolutely no knowledge that anyone ordered the alleged "criminal hit" on him or if anyone did, who did it. Rather, Plaintiff's claims as to these defendants are based on nothing more than pure speculation, conjecture and suspicion. For the legal reasons discussed *supra,* Defendants urge this Court to strike, and not to consider, any exhibits, affidavits and related allegations which are outside the scope of the Petition in considering Defendants' Rule 12(b)(6) Motion to Dismiss.

3

Plaintiff should not be allowed to circumvent Rule 12(b)(6) by attaching affidavits and other irrelevant documents to his opposition memorandum.

**B.     Even if Considered, Affidavits are Legally Insufficient**

As stated, Defendants object to plaintiff's attempt to add affidavits and other exhibits to oppose the properly-filed motion to dismiss. However, even if this Court decides to consider the affidavits submitted by Plaintiff in opposition to the Rule 12(b)(6) motion, Defendants urge the Court to strike the affidavits as legally insufficient. Rule 56(e) of the Federal Rules of Civil Procedure governing summary judgment motions require that "[s]upporting and opposing affidavits shall be made on *personal* knowledge, shall set forth such *facts* as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." [Emphasis added.]    Affidavits containing statements based merely on information and belief or conclusory allegations fail to meet Rule 56 requirements and should be stricken upon appropriate motion. *See Lechuge v. Southern Pacific Transp. Co.*, 949 F.2d 790, 798 (5th Cir. 1992); *CMS Industries, Inc. v. L.P.S. International Ltd.*, 643 F.2d 289, 295 (5th Cir. 1981).

Not surprisingly, Plaintiff's speculation as to his former law partners' possible involvement with the state actor defendants in his arrest and improper treatment fails to indicate how he *personally* came *to know* of these alleged "facts." As a matter of law, Plaintiff may not give testimony rooted in his personal suspicion as to what these defendants *might have done*. At most, Plaintiff's affidavit tends to show only that he believes what he has alleged, which is inadequate under the Federal Rules. The affidavit also contains improper declarations of opinion as to the law, *i.e.,* that the former law partner defendants "conspired" with other "unidentified individuals with Lemle & Kelleher" to inform him that he had been suspended from the practice

4

NO.99742036.1

of law.[1]  Affidavits containing statements based on arguments or opinions on the law are likewise inadequate and cannot be considered. *Lechuge, supra; CMS Industries, Inc., supra.*

Both affidavits submitted in support of Plaintiff's opposition to Defendants' Rule 12(b)(6) Motion to Dismiss are based on nothing more than hearsay and blatant speculation as to who *might possibly* be involved in Plaintiff's arrest and alleged improper treatment.  The affidavits fail to present any reasonable basis predicated upon personal knowledge, but rather, contain only speculation, argument and conclusory allegations.  Accordingly, they are clearly deficient as a matter of law, provide no support for the truth of any matter at issue and should be stricken via this motion.

### C.   Court has Authority to Administer Justice

This Court has the inherent authority to administer justice. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123 (1991); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 1388 (1962).  The Court's power can be invoked to regulate the conduct of litigants and lawyers. *Cf. Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 561 (3rd Cir. 1985).

Despite the fact that he has had over a year to uncover any "facts" as to whether the former law partner defendants acted in concert with the other defendants, Plaintiff has represented to the Court that he has not yet determined whether any of his allegations against them in the Petition have a modicum of reliability.  He nonetheless requests this Court to consider the impertinent exhibits, legally insufficient affidavits and related allegations as "evidence" to support his claims.  The former law partner defendants submit that this extraneous

---

[1] Plaintiff's statements in his opposition memorandum concerning Defendants' alleged actions and statements that he had been suspended from practicing law are completely irrelevant to this proceeding.  This lawsuit contains no allegations concerning statements that Plaintiff had been suspended from the practice of law.

5

material has no legal bearing on, and is immaterial to, any of the legal issues presented in their Rule 12(b)(6) motion.

As has been judicially observed, "[t]he circumstance of this case. . . present the unhappy picture of a lawyer who has crossed the boundary of legitimate advocacy into personal recrimination . . . ." *Thomason v. Norman E. Leher, P.C.*, 182 F.R.D. 121, 123 (D.N.J. 1998). "Lawyers are not free, like loose cannons, to fire at will upon any target of opportunity which appears on the legal landscape. The practice of law is not and cannot be a free fire zone." *Id.* at 123; see also, *Tyrus v. Urban Search Management*, 102 F.3d 256 (7th Cir. 1996).

Any past and/or current anger, humiliation and distress do not justify Plaintiff's inappropriate litigation tactics in attempting to tie in his former law partners to his arrest and alleged improper treatment. The exhibits and affidavits, which were obviously filed by Plaintiff in hopes that superficial and unsubstantiated innuendo would somehow provide "support" for his allegations against his former law partners, should be stricken and should have absolutely no bearing on the Rule 12(b)(6) motion.

### III.   CONCLUSION

Defendants urge that, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, all exhibits, affidavits and related allegations be stricken from the record because they are legally insufficient and/or immaterial to these proceedings and do not have any evidentiary value or bear any nexus to the legal issues presented by Defendants in their Rule 12(b)(6) Motion to Dismiss. Based upon the foregoing reasons and legal authorities, and for those reasons discussed more fully in their original supporting Memorandum, the former law partner defendants submit that this Court should strike Plaintiff's affidavits, exhibits and related allegations and grant their Motion to Dismiss, with prejudice, dismissing all of Plaintiff's claims against them.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:     /s/ Kim M. Boyle
         KIM M. BOYLE, T.A. (#18133)
         M. NAN ALESSANDRA (#16783)
         Canal Place
         365 Canal Street • Suite 2000
         New Orleans, Louisiana 70130-6534
         Telephone: (504) 566-1311
         Telecopier: (504) 568-9130

**ATTORNEYS FOR DEFENDANTS, ERNEST L. EDWARDS, JOSEPH L. SHEA, JR. AND CHARLES R. TALLEY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to:

Ashton R. O'Dwyer, Jr.
Jason A. Bonaventure
Amanda G. Clark
Paul B. Deal
Joseph Vincent DiRosa, Jr.
Rachelle D. Dick
Phyllis E. Glazer
Sandra E. Gutierrez
Michael C. Keller
James Bryan Mullaly
Patricia Hill Wilton

                                                    /s/ Kim M. Boyle