UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ASHTON R. O'DWYER, JR.                   CIVIL ACTION

VERSUS                                    NO. 06-7280

THE STATE OF LOUISIANA, ET AL            SECTION "C" (5)

<u>ORDER AND REASONS</u>

This matter comes before the Court on six motions to dismiss filed by (1)
Catherine D. Kimball ("Justice Kimball"), (2) Ernest L. Edwards ("Edwards"), Joseph L.
Shea, Jr. ("Shea") & Charles R. Talley ("Talley"), (3)  the United States of America, (4)
State of Louisiana, Louisiana Department of Public Safety and Corrections ("LDPSC"),
Louisiana State Police ("LSP"), Trooper John Nelson("Nelson"), Trooper Christopher
Ivy ("Ivy"), (5) the Louisiana Supreme Court and (6)  Charles B. Plattsmier, Jr.
("Plattsmier") and the Office of Disciplinary Counsel ("ODC").  Related motions
pending in this matter include (7) the plaintiff's objection to the report and
recommendation of the Magistrate Judge, (8) motion for sanctions filed by Plattsmier
and ODC, (9) motion to strike certain pleadings and for order prohibiting further

1

offensive pleadings filed by Plattsmier and (10) plaintiff's motion for sanctions.  Oral

argument was held on November 14, 2007.  Having considered the record, the

memoranda and argument of counsel and the law, the Court decides the motions as

follows.


**Background**

The Court previously dismissed certain claims and parties, including the

dismissal of  any "official capacity" claim under 42 U.S.C. § 1983 against all defendants

under the Eleventh Amendment, as well as claims under 42 U.S.C. §§ 1985 and 1986.

At the same time,  the Court granted leave to the plaintiff to amend his complaint "to

incorporate allegations contained outside of the pleadings against those defendants

and/or claims not dismissed herein."     (Rec. Doc. 111).   In response, the plaintiff filed a

"Court-Ordered Supplemental and Amended Petition" that included the naming of

additional defendants, causes of action and theories of recovery.  (Rec. Doc. 114).  To the

extent that the plaintiff has alleged additional causes of action and additional

defendants, he did so without leave.[1]   To the extent that the pleadings are deemed

_____

[1]     The Court will address the plaintiff's failure to obtain leave of court when
challenged in a motion.   In some instances, however, it is more efficient to address the
substantive challenges where the failure to obtain leave is not challenged.

2

insufficient to state a claim, additional opportunity to amend is not warranted.  The

plaintiff is a licensed attorney who has been advised to hire an attorney knowledgeable

in the relevant field.

**Motions to dismiss**

In general, when considering a motion to dismiss under Rule 12(b)(6),  the court

must take the well-pleaded factual allegations of the complaint as true.    In Re Katrina

Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007).  The plaintiff must plead

sufficient facts to state a claim for relief that is "plausible on its face;" the plaintiff's right

to relief must be raised "above the speculative level" by the factual allegations.  Id.

Conclusory allegations or legal conclusions serving as factual conclusions will not

prevent dismissal. United States ex rel. Bain v. Georgia Gulf Corp., 386 F.3d 648, 654 (5th

Cir. 2004).

The United States Supreme Court recently advised in Bell Atlantic Corp. v.

Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965  (2007), "[w]hile a complaint attacked by a

Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action

3

will not do ..."  "Factual allegations must be enough to raise a right to relief above the speculative level ..." on the assumption that the allegations are true even if doubtful in fact.  Id.   Dismissal is not warranted by a judge's disbelief of a complaint's factual allegations or the appearance that recovery is remote and unlikely.  Id.

However, the Court recognizes that Section 1983 individual capacity claims require heightened pleading with allegations pled with "factual detail and particularity."  Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004);  Schultea v. Wood, 47 F.3d 1427, 1430 (5th Cir. 1995)(en banc);  Jenkins v. Lee, 1999 WL 97931 (E.D.La.).  The Court will assume this heightened pleading requirement  applies to the Section 1983 individual capacity claims against Justice Kimball, Nelson, Ivy and Plattsmier.

The Court's careful review of the amended pleadings and attachments indicate that the plaintiff has successfully stated, for purposes of motions to dismiss only, claims based on a sequence of events beginning with the alleged meeting involving Justice Kimball, Plattsmier, and Frank Neuner (Neuner")[2], then President of the Louisiana State Bar Association, coinciding with the communications with Edwards and Talley, followed by the visit at plaintiff's home by Burton, followed by the plaintiff's arrest at his home by Louisiana State Police, his incarceration and the subsequent charge of

---

[2]     Neuner has not been named a defendant.

4

public intoxication by Nelson and Ivy.   These claims include individual capacity claims under 42 U.S.C. § 1983 and state law claims.[3]  All other claims and parties either have been dismissed or will be dismissed as follows.

**Motion to dismiss filed by Catherine D. Kimball**

According to the pleadings, Justice Kimball is being sued in her individual capacity by the plaintiff  for civil rights violations under Section 1983, conspiracy, intentional infliction of emotional distress, kidnaping, torture and false imprisonment under La. Civ. Code arts. 2315 and 2324.  (Rec. Doc. 114, ¶ 6).   In this motion, Justice Kimball argues that the Supplemental and Amended Petition fails to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6).

Justice Kimball first argues that the allegations relative to a claim under 42 U.S.C. § 1983  are deficient because they do not contain specific facts about the allegedly unconstitutional deprivation and only allege that she made a statement and that the state police arrested the plaintiff eight days later.  (Rec. Doc. 146, p. 4).   As previously indicated, the Court's reading of the pleadings, supports the finding that the plaintiff

---

[3]      In general, the motions do not distinguish between the various state claims or address their viability, and the Court does not intend to address specific state claims herein.

sufficiently describes an alleged meeting on September 11, 2005, an alleged comment made at that meeting by Justice Kimball to Plattsmeir and Neuner relative to "silencing" the plaintiff, who is a lawyer.  The pleadings also set forth a sufficiently responsive series of unusual events to support a causal connection, including a visit by the key co-defendants to the plaintiff's house arguably relative to the alleged comment, and the plaintiff's arrest at his home for public intoxication and incarceration.   Given the specificity of the specific and inferential facts pled, the Court finds that the plaintiff's allegations are sufficient to survive a Rule 12(b)(6) motion.  (Rec. Doc. 114, pp. 24-26).

Justice Kimball next argues that the complaint fails to satisfy the heightened pleading requirement required when claims against an official asserting qualified immunity are made.   She claims that the complaint fails to state who she ordered, what she ordered, and whether what she ordered constituted a constitutional deprivation. (Rec. Doc. 146, p. 6).   The Court again finds that a complete reading of the complaint, as amended, contains sufficient allegations under even heightened standards, beginning with the comment allegedly made by Justice Kimball to Plattsmier and Neuner suggesting that the plaintiff be silenced, continuing with involvement of the key co-defendants with the plaintiff and ending with the plaintiff's arrest at his home,

incarceration and charge of public intoxication.   These allegations are sufficient to state a claim against Justice Kimball for purposes of a motion to dismiss.

Justice Kimball next argues that the plaintiff fails to allege that she "ordered an unconstitutional arrest or ordered or otherwise condoned the use of excessive force against him," requiring dismissal under <u>Lynch v. Canatella</u>, 810 F.2d 1363, 1371 (5th Cir. 1987).  (Rec. Doc. 146, p. 6).   In <u>Lynch</u>, the Fifth Circuit found that an official's alleged conspiracy to place aliens in police custody did not in-and-of itself constitute a constitutional violation and that, moreover, the plaintiff's failure to allege that the official condoned or had knowledge of the unconstitutional conditions or treatment warranted dismissal.  Here, however, the plaintiff is alleging that there was no basis at all for his arrest or incarceration, an allegation which finds certain support in the fact that he was apparently arrested at home for public intoxication.  In addition, the fact that  Justice Kimball is alleged to have knowledge of the conditions of treatment allegedly received by the plaintiff after arrest is sufficiently set forth in the unusual sequence of events for purposes of a motion to dismiss.[4]

Finally, Justice Kimball argues that she is entitled to dismissal because of

---

[4]     Any conditional language used by the plaintiff can be considered an exercise of caution by an attorney suing a sitting state supreme court justice.

qualified immunity.  A state official can be sued in her individual capacity and held

personally liable under 42 U.S.C. § 1983 if it can be shown that the official acted under

color of state law and caused the deprivation of a constitutional or federal  right.

Qualified immunity is available to state actors being sued in their individual capacity.

Hafer v. Melo, 502 U.S. 112, 125 (1991);   Foley v. University of Houston System, 355

F.3d 333, 337 (5th Cir. 2003).

> The doctrine of qualified immunity shields a government official from
> civil liability for damages based upon the performance of discretionary
> functions if the official's acts did not violate clearly established
> constitutional or statutory law of which a reasonable person would have
> known. ... "Where, as here, a section 1983 defendant pleads qualified
> immunity and shows [s]he is a governmental official whose position
> involves the exercise of discretion, the plaintiff then has the burden to
> rebut this defense by establishing that the official's allegedly wrongful
> conduct violated clearly established law." ... To determine whether a
> defendant is entitled to qualified immunity, this court engages in a two-
> pronged analysis, inquiring (1) whether the plaintiff has alleged a
> violation of a constitutional right and, if so, (2) whether the defendant's
> behavior was objectively reasonable under clearly established law at the
> time the conduct occurred. ... If the plaintiff fails to state a constitutional
> claim or if the defendant's conduct was objectively reasonable under
> clearly established law, then the government is entitled to qualified
> immunity.

Hampton v. Oktibbeha County Sheriff Dept., 480 F.3d 359, 363 (5th Cir. 2007).   Again,

this argument seems to be based on the alleged insufficiency of the allegations as

opposed to the existence of a right vested in Justice Kimball to silence the plaintiff in the

manner alleged, and the Court again finds that the plaintiff has adequately alleged the violation of a constitutional right.

Finally, Justice Kimball seeks dismissal of state law claims on the assumption that the "principal claims" have been dismissed.[5]   This argument is unavailing in light of the Court's disposition of the civil rights claims.

**Motion to dismiss filed by Ernest L. Edwards, Joseph L. Shea, Jr. & Charles R. Talley**

The motion by these defendants (collectively "Lemle defendants") seeks dismissal under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1), seeks to strike certain allegations under Fed. R. Civ. P. 12(f) and, alternatively, seeks a more definite statement under Fed. R. Civ. P. 12(e).  The Court has determined that the motion should be partially granted and partially denied for the following reasons.

According to the Supplemental and Amended Petition, the Lemle defendants are being sued for conspiracy to violate civil rights under 42 U.S.C. § 1983, assault and battery, intentional infliction of emotional distress under La. Civ. Code arts. 2315 and 2324.  (Rec. Doc. 114,  ¶ 10).  He alleges that these defendants directly communicated with Louisiana officials  "adverse to plaintiff's interests" which caused him physical

---

[5]      No other argument concerning the viability of the state law claims has been made.

and emotional harm, had similar conversations with an Assistant United States

Attorney and conspired to intimidate the plaintiff by informing him that he had been

suspended from the practice of law.  (Rec. Doc. 114, ¶ 10).   The plaintiff attaches

written communication from defendant Edwards and describes September 2005

telephone conversations with defendant Talley, who allegedly indicates his

"understanding" that "perhaps" Shea had been  in contact with defendant Plattsmier.

The allegations do not otherwise specify how Shea is involved.

Rule 12(b)(6)

        The Lemle defendants first argue that the plaintiff is precluded from proceeding

in this forum under *res judicata* because of a judgment entered in a state court action in

which the plaintiff sued the Lemle defendants for intentional infliction of emotional

distress caused by the communication wrongfully advising the plaintiff that he had

been suspended from practice,  a "separate contingent claim" for battery, torture and

intentional infliction of emotional distress resulting from the arrest and incarceration,

and defamation.   The state court granted the defendants' exception of no cause and no

right of action as to both the communication, the arrest and incarceration and

defamation and entered judgment dismissing those claims with prejudice.  The Lemle

defendants claim that the judgment is valid and final and the causes of action asserted

in this suit arise out of the same occurrences made the subject matter of the state court litigation.   However, it appears that an appeal is pending and, given that circumstance, the Court is unwilling at this time to determine the movers' claim of finality for purposes of *res judicata* as to the claims covered in the state court judgment.[6]

The Lemle defendants next argue that the plaintiff has not stated a claim under Section 1983 because the pleadings lack specificity and because the plaintiff has failed to determine who was responsible for the arrest and incarceration.[7]   The Court's reading of the Supplemental and Amended Petition reveals that the plaintiff has alleged wrongful conspiratorial conduct against the movers relative to the alleged suspension from practice, the subsequent arrest and incarceration and the termination of the plaintiff's affiliation with the Lemle firm.   The allegations against Edwards, who signed the September 15, 2005 correspondence "cc:'ed" to Plattsmier, are sufficiently specific to avoid dismissal.  (Rec. Doc. 114, Exh. 1).   The allegations that Talley advised the plaintiff that he had been suspended from practice are sufficient to avoid dismissal for

---

[6]      This ruling does not prevent the movers from filing an motion on the issue of finality in the event the status of the state court appeal warrants.

[7]      The movers also seem to argue that a municipal defendant is required to be part of a Section 1983 conspiracy.  At a minimum, the allegations against Justice Kimball, who is a state actor despite being sued in her individual capacity, and against the Louisiana State Police defendant suffice to meet the state action requirement of Section 1983 for purposes of the conspiracy claim.

11

present purposes.  The allegations against Shea, however, are at best based on a hearsay

statement made by Talley and do not withstand the scrutiny of Rule 12(b)(6).

The movers next argue that state law claims are prescribed.   The Court is not

persuaded by the argument presented.  It should be noted that the argument is based

on Louisiana state court procedure although any amendment back would appear to be

governed by Fed. R. Civ. P. 15, which is not discussed.

Rule 12(f)

The movers next argue that allegations concerning a "Public Records Act"

request made to the Partners of Lemle & Kelleher, L.L.P. should be stricken from the

Supplemental and Amended Petition because the firm has not been named a party to

the lawsuit and is not a public body and should not have to respond to plaintiff's

request for discovery.  To the extent that the plaintiff is making an independent claim

under the Louisiana Public Records Act as challenged, the plaintiff has not been granted

leave and those claims will be dismissed.[8]

The movers seek to strike the plaintiff's claim for employment severance based

on the allegation that it was the plaintiff who severed his relationship with the firm.

_____

[8]     The Court does not address whether such a claim would be properly
joined in this matter or whether leave to amend to add such a claim would be granted.

12

They also argue that the firm is not a party to the lawsuit.  The Court reads the

Supplemental and Amended Petition as alleging that the damages sought include this

item of damage and were allegedly caused by  the currently-named defendants, not the

law firm.

The movers also seek to strike "scurrilous allegations" against the former law

partners, including reference to the alleged use of "police goons," and the plaintiff's

letter to Plattsmier.   The Court agrees with the movers that such insulting language is

entirely inappropriate and should be stricken.  At the same time, however, it is

impractical to physically strike the allegations, which are also part and parcel of the

fabric of this suit.  However, the plaintiff is specifically put on notice that the use of

such language is unnecessary, unpersuasive and unprofessional and will be subject to

sanctions in the future.

Rule 12(e)

Finally, the movers ask for dismissal of the claims against unidentified

individuals at Lemle & Kelleher.  The Court does not construe the current pleadings as

actually containing such claims and, in any event, would not consider any identified

person or entity as subject to any claim made until specifically identified in an properly

filed amendment to the complaint.

**Motion to dismiss filed by the United States of America**

The Court previously dismissed all claims against Assistant United States Attorney Michael Magner ("Magner") on April 11, 2007, when it granted Magner's motion to dismiss. That motion was based on the plaintiff's failure to state a claim. Despite this dismissal and the limited nature of the leave to amend, the plaintiff included in the "Court-Ordered Supplemental and Amended Petition" new claims and new defendants, including a claim against the United States of America, apparently based on the allegations previously made against Magner.   Again, the plaintiff has not been granted leave to do this.  In addition and as set forth in the motion, the plaintiff has not shown that he has complied with the Federal Tort Claims Act prior to filing suit against the United States.

To the extent that the plaintiff intends to assert any claim against the United States, the procedural requirements must be met.  To the extent that claim is based solely on the allegations previously made against Magner, that claim will be subject to dismissal for failure to state a claim.  To the extent that the plaintiff is making a separate claim under the Freedom of Information Act, that claim will be dismissed without prejudice.  The Court may require that a separate suit be filed unless a sufficient direct nexus to the subject matter of this suit is shown in a properly filed motion for leave to

14

amend.

**Motion to dismiss filed by State of Louisiana, Louisiana Department of Public Safety and Corrections, Louisiana State Police, Trooper John Nelson and Trooper Christopher Ivy**

The Court previously dismissed all claims under 42 U.S.C. §§ 1983, 1985 & 1986 against the State of Louisiana, LDPSC and LSP, denied the motion to dismiss without prejudice with regard to the state law claims against them.  It also dismissed all claims under Sections 1985 and 1986 against Nelson and Ivy and denied the motion to dismiss as to claims under Section 1983 and state law as to Nelson and Ivy.  (Rec. Doc. 111).   In the Supplemental and Amended Petition, the plaintiff only supplements allegations against Nelson and Ivy.   (Rec. Doc. 114, ¶ 9).   The movers now present several arguments for dismissal.

<u>Statutory immunity</u>

The State of Louisiana and DPSC claim immunity for actions taken by DPSC officers at the temporary jail under La. Rev. Stat. § 29:735, which provides in relevant part as follows:

> A.(1)  Neither the state nor any political subdivision thereof, nor other agencies, nor, except in case of willful misconduct, the agents' employees or representatives of any of them engaged in any homeland security and emergency preparedness activities, while complying with or attempting to

> comply with this Chapter or any rule or regulation promulgated pursuant
> to the provisions of this Chapter shall be liable for the death of or any
> injury to persons or damage to property as a result of such activity.

These defendants argue that "[e]stablishing, operating, and maintaining the temporary jail were emergency preparedness activities of the State of Louisiana and of DPSC." (Rec. Doc. 162, p. 4).   This statement is apparently based on the fact that a state of emergency had been declared by the governor at the relevant time and "common knowledge" that area jails were closed and crime was rampant.

The Court is provided with a copy of the State of Emergency signed by the governor on August 26, 2005.  The Court is not provided, however, written evidence of the assignment of  responsibilities to DPSC or any other party at the relevant time. There is attached to the motion an executive order dated October 12, 2005, regarding the DPSC's temporary custody of inmates evacuated because of the storm.  (Rec. Doc. 195, Exh. 3).   The Court is unable, therefore, to address the issue of statutory immunity. Although the plaintiff primarily argues that the allegations of  "willful conduct" precludes statutory immunity being afforded, the Court agrees with the movers that the exclusion applies to the agents' employees or representatives only.

Qualified immunity and failure to state a claim: the arrest

The claims against Nelson and Ivy under Section 1983 and state law, as well as

16

the corresponding state law claims against the State of Louisiana and the State Police, previously survived the defendants' first motion to dismiss.  (Rec. Doc. 111).   The plaintiff states in the Supplemental and Amending Petition that his claims against Nelson and Ivy are based on their involvement in the affidavit charging him with public intoxication.  (Rec. Doc. 114, Exh. 2).

The Court does not find that these defendants are entitled to qualified immunity under the facts pleaded.  The plaintiff claims that the Affidavit was prepared after the plaintiff's incarceration and that the arresting officers would not advise him of the basis for his arrest.  In addition, the fact that the plaintiff was charged with public intoxication at his home according to the Affidavit supports a finding that the plaintiff has alleged a violation of a clearly established constitutional right and that the officers' conduct was objectively unreasonable in light of law clearly established at the time. Hampton, supra.

The officers contend they had probable cause to arrest the plaintiff at his home. (Rec. Doc. 182, p. 18).  To the extent that the defendants base this on the mandatory evacuation and curfew orders in effect, the supporting documentation falls short.   The mayoral proclamations attached to the motion all were signed after the plaintiff's arrest. (Rec. Doc. 162, Exh. 4).  The legal authority associated with the press release of the City

of New Orleans dated September 17, 2005, has not been briefed; in any event the Court's reading of the sentence "[t]his means you may not be outside between 6 pm and 8 am either in a vehicle or on foot," refers to movement outside, as opposed to sitting outside on one's own property, when he alleges he was approached by the officers who arrested him.   That press statement also indicates that any mandatory evacuation was not in effect as of September 17, 2005.  To the extent that the movers claim probable cause based on one of these documents, their argument lacks support in the record. Whether or not documents or law exist which might support their argument is not the issue facing the Court at this juncture.

With regard to the issue of probable cause, the movers provide, for the first time, facts relative to why they arrested the plaintiff.  They admit that the plaintiff was on his own property when they approached him, but argue that they had probable cause to arrest the plaintiff for public intoxication because"[n]othing was restraining the plaintiff from moving into a public area or onto a neighboring property."   (Rec. Doc. 162, p. 25). They claim that the plaintiff's "rant" also gave them probable cause for arresting him for resisting an officer because the plaintiff "failed to provide the state troopers an

opportunity to present their lawful purpose for stopping in front of his driveway."[9]

"In conclusion, even if the troopers were mistaken in their probable cause determination, they would still be entitled to qualified immunity."  (Rec. Doc. 195, p. 28)(emphasis original).  The Court can not find that the troopers have shown that even their "mistaken conclusion is reasonable" under the record before the Court, which reveals only that the plaintiff admitted to have been drinking and admitted to have been ranting after the officers approached him on his property on the night in question.[10]

Qualified immunity and failure to state a claim: excessive force

The movers next argue that the alleged force used during the arrest did not violate the plaintiff's constitutional rights and did not constitute a battery under state law.  They argue, in part, that the arresting officers were making a lawful arrest and entitled to use reasonable force under La. Code. Cr. P. art. 220 and that, in any event, the plaintiff fails to identify which  officer used the excessive force.  The plaintiff argues

---

[9]   The movers do not reveal what the "lawful purpose" was other than to ask the plaintiff for his identification while he was on his own property.  Again, the movers have not provided the Court with a copy of any ordinance or proclamation that prohibited a citizen from sitting outside his own property on September 20, 2005.

[10]   The Court does not and will not consider any document not attached to the pleadings, including the proffered expert report.  Again, the plaintiff is an attorney and has been afforded an opportunity to amend his pleadings.

that none of the movers should be dismissed until discovery has been undertaken.   In light of the Court's ruling as to the claim of false arrest, however, the Court finds that the plaintiff has sufficiently stated a claim for excessive force for purposes of a motion to dismiss at this time based on the record.[11]

Louisiana Public Records Act

The Court agrees with the movers that any claim in the Supplemental and Amended Petition made by the plaintiff against them under the Louisiana Public Records Act was made without leave and is subject to dismissal.

**Motion to dismiss filed by Louisiana Supreme Court**

The Louisiana Supreme Court was added as a defendant in the Supplemental and Amended Petition and without leave of court.  This newly-added claim is based on a request made by the plaintiff under the Louisiana Public Records Act, La. Rev. Stat. § 44:1, *et seq*.  The Louisiana Supreme Court argues that the claim against it does not have a common nucleus of operative facts with the other claims made in this lawsuit,

---

[11]     The movers' argument regarding the alleged vicarious liability of the State of Louisiana, the DPSC and the LSP falls as a result of the Court's ruling.  The Court does agree that any claim against these entities necessarily is based on state law since the federal claims were previously dismissed.

precluding the exercise of jurisdiction under 28 U.S.C. § 1367.  It also argues that the

Louisiana Supreme Court enjoys immunity under the Eleventh Amendment and, in any

event, federal district courts lack jurisdiction to issue writs of mandamus to the

Louisiana Supreme Court.

The plaintiff responds to what would appear to be well-established law with an

argument that seems to focus on Justice Kimball and the claims made against her, along

with what appears to be speculation on the part of the plaintiff as to the operations of

the Louisiana Supreme Court and a motionless request to disqualify the attorneys

representing both the Louisiana Supreme Court and Justice Kimball.   The plaintiff

offers no legal authority to support these arguments.  The plaintiff continues with an

argument that seems to equate the State of Louisiana's pursuit of lawsuits against

federal defendants in federal court with the state's "waiver" of any Eleventh

Amendment immunity, perhaps based on the plaintiff's assumptions that the State of

Louisiana is immune from suit in state court by virtue of the Eleventh Amendment and

"[i]f the Louisiana Supreme Court is subject to This Honorable Court's personal

jurisdiction, and it is, then it is subject ot this Court's Rule 26 Orders, and it is."  (Rec.

Doc. 265), p. 17).

The Louisiana Public Records Act claims against the Louisiana Supreme Court

were asserted without leave, without a sufficient nexus to the operative facts of this

matter and in violation of the Eleventh Amendment, and will be dismissed.

**Motion to dismiss filed by Charles B. Plattsmier, Jr. and the Office of Disciplinary Counsel**

Plattsmier and the ODC were also joined as a defendant in the Supplemental and

Amended Petition with claims of conspiracy, malicious prosecution and obstruction of

justice.  (Rec. Doc. 114,  ¶ 7).   The claims against these defendants are largely based on

the handling of the plaintiff's formal charges against Edwards, Talley and Shea by

Plattsmier in 2005 - 2006, and the movers' subsequent investigation and exoneration of

the plaintiff in September 2006.   The plaintiff also alleges that Plattsmier "conspired to

have plaintiff falsely arrested and imprisoned."   (Rec. Doc. 114, ¶ 7).

Plattsmier, in his official capacity, and the ODC  first move for dismissal based

on Eleventh Amendment immunity, presumably with regard to the Section 1983 claims.

The plaintiff's misdirected response that dismissal based on the Eleventh Amendment

is "premature" to this familiar argument is unsupported and unpersuasive.   The

plaintiff argues, essentially, that he should be permitted discovery to "explore what

'strings' may have been attached to the federal monies bestowed upon the State of

Louisiana, and its agencies, both before and after Hurricane KATRINA" because it may

result in a waiver applicable to this matter under the rationale of cases such as <u>Pace v.</u>
<u>Bogalusa City School Board</u>, 403 F.3d 272 (5th Cir. 2005) and <u>AT&T Communications v.</u>
<u>Bell South Telecommunications, Inc.</u>, 238 F.3d 636 (5th Cir. 2001).   The Section 1983
claims against ODC and Plattsmier in his official capacity will be dismissed.

Plattsmier next argues that he is entitled to prosecutorial immunity with regard
to any claim that he improperly investigated any attorney disciplinary complaint.   The
plaintiff does not address this argument in his opposition.   These claims will also be
dismissed.

Plattsmier next seeks dismissal of any Section 1983 claim made in his individual
capacity due to a lack of causal connection, which the Court construes as relevant to
claimed conspiracy leading to the plaintiff's arrest and incarceration.   For many of the
same reasons as set forth with regard to the motion to dismiss filed by Justice Kimball,
the Court's careful reading of the pleadings and the relevant attachments indicates that
the plaintiff does sufficiently state a claim against Plattsmier in his individual capacity
under Section 1983 and state law, even under heightened pleading requirements.

The Court also finds that Plattsmier is not entitled to qualified immunity with
regard to the conspiracy the Court has found sufficiently alleged in the pleadings.
Plattsmier's alleged involvement in the meeting with Justice Kimball and Neuner is

sufficiently specified, and his continuing involvement is evidenced by the Edwards letter.  It is clear that the civil rights claim includes allegations of violations of clearly established constitutional rights against false arrest and imprisonment, and Plattsmier's conduct, if true as alleged, would be objectively unreasonable.   Whether Plattsmier's presence in this suit will survive summary judgment is not an issue before the Court at this preliminary stage.[12]

Finally, the movers seek dismissal of the claim under the Louisiana Public Records Act against the ODC for the same reasons as those offered by the Louisiana Supreme Court in its motion to dismiss.  Again, it is unclear to the Court whether the plaintiff has actually made such a claim in the pleadings but, in any event, the Court agrees that such claims are subject to dismissal for the same reasons that supported the dismissal of the Louisiana Supreme Court.[13]

**Sanctions**

---

[12]      The ODC's  remaining presence would appear to be based on vicarious liability as to state claims only.

[13]      The Court notes that all claims under the Louisiana Public Records Act were made without leave of court.  Although Plattsmier did not challenge the claims against him based on lack of leave, it would appear that those claims are related to the subject matter of this litigation.

Three motions request sanctions: the motion for sanctions filed by Plattsmier and ODC,  the  motion to strike certain pleadings[14] and for order prohibiting further offensive pleadings filed by Plattsmier and the plaintiff's motion for sanctions.[15]

As previously indicated, the process of physically striking from the record the many unprofessional and derogatory insults made by the plaintiff involves considerable court resources and, in any event, the plaintiff's language may be part and parcel of this lawsuit at this time.   The plaintiff's own recollection of his use of foul language is part of the *res gestae* and may offer evidentiary support as to why he was arrested, incarcerated and treated the way he was.   His continued use of such language with reference to other parties named as defendants or associated with the defendants is supremely unprofessional, and even  though it may be ultimately detrimental to his cause, it can no longer be permitted.

The plaintiff is a licensed attorney.   He has willfully crossed a line that should never have been approached by any member of the Bar of this Court.  During its entire

---

[14]    With regard to Plattsmier's motion, although the plaintiff's conduct may have been inappropriate, no default against either mover was entered and the Court finds that sanctions are not appropriate.

[15]    The Court has determined that the plaintiff's objection to the report and recommendation of the Magistrate Judge and the plaintiff's motion for sanctions can be summarily denied.

tenure on the bench, this Court has never witnessed an attorney's use of written

unprofessional and derogatory language that rivals the plaintiff's in this matter.  The

plaintiff is formally advised that if, in the future, he includes in any document he files

into the record any future language that is challenged by any other party and which the

Court finds to be unprofessional or derogatory, the plaintiff will be subject to a fine of

$1,000 for each word in the sentence containing offensive language, payable as the

Court directs.

  To the extent that the  plaintiff or any other party is recalling a party's own use of

offensive language during the events involving the arrest and incarceration, inclusion of

the language may be acceptable.   To the extent the plaintiff is using offensive language

directed to another person or party, however, it will be deemed sanctionable.  To the

extent that the plaintiff's language is obscene or unnecessarily offensive and directed to

another party's alleged conduct, it will be deemed sanctionable.

  The extent of the lack of professionalism displayed by the plaintiff in this matter

to date when combined with the nature of the charges leveled against the defendants

warrants careful scrutiny of the discovery process.   Although the Court has determined

that  some of plaintiff's claims do survive a motion to dismiss, this lawsuit is not over.

Therefore, initial discovery by the plaintiff shall be limited to the arresting officers, as

suggested at oral argument, and as specifically directed and supervised by the

Magistrate Judge.

Accordingly,

IT IS ORDERED that:

(1)     the motion to dismiss filed by Catherine D. Kimball is DENIED, (Rec. Doc. 146);

(2)     the motion to dismiss filed by Ernest L. Edwards , Joseph L. Shea, Jr.  & Charles

R. Talley  is PARTIALLY GRANTED as to all claims under the Louisiana Public

Records Act and all claims against Joseph L. Shea, Jr.  and PARTIALLY DENIED,

(Rec. Doc. 151);

(3)     the motion to dismiss filed by the United States of America is GRANTED,

(Rec. Doc. 178);

(4)     the motion to dismiss filed by State of Louisiana, Louisiana Department of Public

Safety and Corrections, Louisiana State Police, Trooper John Nelson, Trooper

Christopher Ivy, is PARTIALLY GRANTED  as to claims under the Louisiana

Public Records Act and PARTIALLY DENIED as to Section 1983 claims made in

individual capacity and state law, (Rec. Doc. 195);

(5)     the motion to dismiss filed by the Louisiana Supreme Court is GRANTED,  (Rec.

Doc. 255);

27

(6)     the motion to dismiss filed by Charles B. Plattsmier, Jr. and the Office of

Disciplinary Counsel is PARTIALLY GRANTED as to claims involving

disciplinary proceedings, the Louisiana Public Records Act and official capacity

Section 1983 claims and PARTIALLY DENIED as to individual capacity claims

under Section 1983 and state law, (Rec. Doc. 258);

(7)     the plaintiff's objection to the report and recommendation of the Magistrate

Judge is  OVERRULED,  (Rec. Doc. 204);

(8)     the motion for sanctions filed by Charles B. Plattsmier, Jr. and the Office of

Disciplinary Counsel is DENIED,  (Rec. Doc. 241);

(9)     the motion to strike certain pleadings and for order prohibiting further offensive

pleadings filed by Charles B. Plattsmier, Jr. is  PARTIALLY GRANTED and

PARTIALLY DENIED, (Rec. Doc. 272);

(10)    the plaintiff's motion for sanctions is DENIED.  (Rec. Doc. 275); and

(11)    this matter is REFERRED to the Magistrate Judge for a discovery conference.

New Orleans, Louisiana, this 21st day of November, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE