UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ASHTON R. O'DWYER, JR.                     CIVIL ACTION

VERSUS                                             NO. 06-7280

THE STATE OF LOUISIANA, ET AL       SECTION "C" (5)

ORDER AND REASONS

This matter comes before the Court on (1) motion to stay proceedings pending appeal filed Catherine D. Kimball ("Justice Kimball"), (2) motion to reconsider filed by Ernest L. Edwards ("Edwards") and Charles R. Talley ("Talley"), and (3) motion to dismiss based on *res judicata* filed by Edwards and Talley. Having considered the record, the memoranda of counsel and the law, the Court decides the motions as follows.

**Motion to stay**

The motion to stay filed by Justice Kimball focuses on this Court's denial of her motion to dismiss based on qualified immunity. It is the Court's understanding that this motion is not presented to this Court under Fed. R. App. 8. *Carty v. Rodriguez*, 211 Fed.

1

Appx. 292 (5th Cir. 2006).  Instead, it would appear from *Carty*, that the stay as to Justice Kimball is automatic upon the filing of a notice of appeal.   To the extent that the motion seeks a stay as to the state law claims against Justice Kimball, the motion needs to be refiled, if appropriate, with supporting law as to the propriety of such a stay.  To the extent that the motion seeks a stay of all proceedings against all defendants remaining in this Court, the motion is denied.  The record reflects that there are defendants remaining.[1]  Such a stay would be fundamentally unfair to the plaintiff, whose state court proceedings have already progressed to the appellate level.  The Court welcomes appellate review on the issue of qualified immunity and the propriety of a stay.

**Edwards and Talley**

The motion for reconsideration filed by these defendants is based on circumstances that arose <u>after</u> the Court issued its Order and Reasons.  For that reason, the reconsideration is not appropriate and the motion for reconsideration will be denied.

The defendants' motion to dismiss based on *res judicata*, focuses on the November 28, 2007, Opinion of the Louisiana Fourth Circuit Court of Appeal in the state court action the plaintiff filed against defendants who include Edwards and Talley.  *O'Dwyer v.*

---

[1] The Court is also advised that the record also reflect that no defendant has filed an answer.

*Edwards*, 970 So.2d 114 (La. 4th Cir. 2007). The Fourth Circuit affirmed the district court's dismissal of the plaintiff's petition with prejudice. That petition contained claims against the three former law partners for intentional tortious conduct, including intentional infliction of emotional distress and defamation, arising out of the defendants' alleged false communications regarding the plaintiff's suspension from the practice of law in the days after Hurricane Katrina. The subsequent arrest and incarceration is also set forth in the state court petition as "an entirely separate and distinct cause of action." (Pet. ¶ 17). In the state petition, the plaintiff states that he "perfects this separate contingent claim against defendants for battery, torture and further intentional infliction of both physical and emotional distress in the event defendants, or any of them, were complicit in what transpired on September 20, 2005." (Pet., ¶ 18).

The Court looks to Louisiana law to determine the effect of a Louisiana court judgment on federal proceedings. *Lafreniere Park Foundation v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000); *Maples v. LeBlance, Maples & Waddell, L.L..C.*, 2003 WL 21467540(E.D.La.)(J. Vance). The state court judgment bars this suit if (1) the judgment is valid; (2) the judgment is final; (3) the parties to the two actions are the same; (4) the cause of action asserted in the federal suit existed at the time of the prior state court judgment; and (5) the cause of action asserted in the federal suit arose out of the

transaction or occurrence that was the subject matter of the state court litigation.

*Lafreniere*, 221 F.3d at 809.   Under La. Rev. Stat. § 13:4231:

> ... a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
> ***
> (2)   If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
> (3)   A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The plaintiff opposes the motion with one argument.  He argues that neither the state district court nor the Fourth Circuit "'actually litigated or determined' on the merits, other than the erroneous granting of a peremptory exception of no cause of action, on the pleadings, and without any opportunity being given to plaintiff to amend the Petition in order to cure any deficiency in his pleading."  (Rec. Doc. 349, p.2).  He provides no law in support of his argument.  The plaintiff also advises that he has applied for writs with the Louisiana Supreme Court.

The Court is not persuaded by the plaintiff's argument that the underlying issues were not "actually litigated or determined" for purposes of the present argument based on the record before it and the exhaustive appellate opinion.  The fact that there is an

4

appeal pending is not dispositive.  "A case pending appeal is res judicata and entitled to full faith and credit unless and until reversed on appeal." *Fidelity Standard Life Insurance Co. V. First National Bank & Trust Co. Of Vidalia, Georgia*, 510 F.2d 272, 273 (5th Cir. 1975).

Accordingly,  IT IS ORDERED that:

(1)  the motion to dismiss filed by Catherine D. Kimball is PARTIALLY  DISMISSED without prejudice as moot, alternatively, GRANTED as to the claims under 42 U.S.C. § 1983,  PARTIALLY DENIED without prejudice as it relates to the state law claims, and PARTIALLY DENIED insofar as it seeks a stay of all proceedings remaining in this Court, (Rec. Doc. 336);

(2)  the motion for reconsideration filed by Ernest L. Edwards and Charles R. Talley  is DENIED, (Rec. Doc. 320); and

(3)  the motion to dismiss filed by Ernest L. Edwards and Charles R. Talley  is GRANTED (Rec. Doc. 319).

New Orleans, Louisiana, this 31st day of January, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE