UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ASHTON R. O'DWYER, JR.                    CIVIL ACTION

VERSUS                                     NO. 06-7280

THE STATE OF LOUISIANA, ET AL              SECTION "C" (5)

<u>ORDER AND REASONS</u>

This matter comes before the Court on (1) motion to stay case pending appeal

filed by  State of Louisiana, Dept. of Public Safety & Corrections ("LDPSC"), Office of

State Police ("LSP"), Trooper John Nelson ("Nelson") and Trooper Christopher Ivey

("Ivey")(Rec. Doc.  432); (2) motion to strike filed by the plaintiff (Rec. Doc. 450); (3)

motion to enroll as co-counsel filed by Justice Kimball and Louisiana Supreme Court

(Rec. Doc. 457); (4) motion to review magistrate's order and for sanctions filed by the

plaintiff (Rec. Doc. 436); (5) motion to enforce court order filed by State of Louisiana,

LDPSC, LSP, Nelson and Ivey (Rec. Doc.  444); and (6) motion to set motions for hearing

and for oral argument filed by the plaintiff (Rec. Doc. 465).  Having considered the

1

record, the memoranda of counsel and the law, the Court has determined the following.

1.      **MOTION TO STAY**

These Louisiana defendants argue that this Court lacks jurisdiction over claims

against them pending appeal.    They seek a stay of the entire case pending appeal and

argue that the plaintiff can not amend his complaint to allege any claims against them

during the pendency of the appeal.   The plaintiff argues that the State of Louisiana, the

LDPSC and the Louisiana Department of Justice are not appellants because only Nelson

and Ivey have alleged qualified immunity on appeal .   In November 2007, the Court

ruled that some of plaintiff's claims survived motions to dismiss, and ordered "initial

discovery by the plaintiff shall be limited to the arresting officers, as suggested at oral

argument, and as specifically directed and supervised by the Magistrate Judge."  (Rec.

Doc. 317, p. 26).   Although arresting officers are claiming qualified immunity on appeal

and this Court's jurisdiction over them is lacking, the movers offer no support for the

expanded proposition that this Court does not have jurisdiction over the remaining

movers.  They cite to a single case, *Proctor & Gamble Co. V. Amway Corp.*, 280 F.3d 519,

524 (5th Cir. 2002), which involved the lack of jurisdiction after appeal on the final

decision on the merits.   Without some clear legal authority, the Court finds that it is

2

unjust for all parties to enjoy the benefits of the stay for those claiming qualified immunity.   The Court's previous order limiting the scope of discovery will be rescinded and the matter referred to the magistrate judge for the formulation of a discovery plan.

**2.      MOTION TO STRIKE**

In this motion, the plaintiff challenges as defamatory and false statements made by Justice Kimball that he "openly bore arms" and that he was arrested in December 2006 and June 2007.   Justice Kimball argues that the motion is untimely and moot, and that this Court lacks jurisdiction because of the notice of appeal filed by her.  The Court agrees with Justice Kimball that it lacks jurisdiction over her and notes that, in addition, this motion raises a factual dispute that is not properly raised on a motion to strike. This motion lacks merit.

**3.      MOTION TO ENROLL AS CO-COUNSEL**

On July 14, 2008, Justice Kimball and the Louisiana Supreme Court filed a routine motion to enroll additional counsel.  The plaintiff filed an opposition to this

motion by fax because he maintains that the incoming firm has a conflict of interest, based on the plaintiff's accusations of fraud on the court.  The Court has previously rejected the plaintiff's challenges to conflicts allegedly belonging to other parties, and this motion lacks merit.

**4.      MOTION TO REVIEW MAGISTRATE'S DENIAL OF MOTION TO AMEND**

On May 21, 2008, the magistrate judge denied the plaintiff's motion to file a second supplemental and amended petition, granted the motion for sanctions filed by the Louisiana Supreme Court, denied the plaintiff's motion to compel and denied a motion for protective order filed by the Louisiana Department of Justice.  (Rec. Doc. 429).   The plaintiff challenges parts of the ruling on a number of grounds.

 **MOTION TO AMEND**

**Adding new Lemle defendants**

The magistrate judge denied the proposed amended complaint to add three Lemle partners because "the facts which form the basis of the plaintiff's claims against these three new defendants were available to him at the time he filed his original

4

petition ..."  and "[b]ecause of the undue delay exhibited by plaintiff in urging these new allegations ..."   (Rec. Doc. 429, p. 4) The plaintiff argues that the need to name these partners did not arise until the former partners were dismissed on the basis of *res judicata* and attaches correspondence implicating them and disagrees that their addition is untimely when the pleadings are not closed and no discovery has been conducted. The formerly-dismissed Lemle partners file a memorandum in opposition, raising the issue that the "plaintiff's absurd proclamation" are "factually and legally baseless." (Rec. Doc. 439, p. 4).

The magistrate judge's ruling was based only on the untimeliness of the amendment to add the defendants.  The proposed amendment is against new parties. In light of the admonition of Fed. R. Civ. P. 15 that leave to amend be freely granted and the fact that the newly added defendants are free to raise whatever defenses they find appropriate, the Court will reverse the ruling of the magistrate judge on this issue.

**Louisiana Supreme Court**

The magistrate judge denied the plaintiff's motion to amend as it related to the reassertion of previously dismissed LPRA-related claims against the Louisiana Supreme

Court.  She also awarded a sanction in the amount of $500 to be paid to the Louisiana

Supreme Court to defray the costs of responding to the motion to amend.  As noted by

the magistrate judge in dismissing the LPRA claims, this Court had previously held:

> The Louisiana Public Records Act claims against the Louisiana Supreme
> Court were asserted without leave, without a sufficient nexus to the
> operative facts of this matter and in violation of the Eleventh Amendment,
> and will be dismissed.

(Rec. Doc. 317).   The plaintiff repeatedly and incorrectly argues now that the LPRA

claims were dismissed for lack of leave of court only.

The plaintiff also argues that amendment should be allowed because he alleges

that the Louisiana Supreme Court is one of the state agency defendants that has waived

its Eleventh Amendment immunity by becoming involved in other federal cases.  The

Court notes that the Louisiana Supreme Court may not be involved in any of the other

federal cases and otherwise Court rejects the plaintiff's argument without discussion.

The magistrate judge sanctioned the plaintiff $500 sanction payable to the

Louisiana Supreme Court "to defray the attorney's fees and costs it expended to defray

the attorney's fees and costs it expended in responded to the purported claim a second

time."  (Rec. Doc. 429, p. 11).  This Court finds that such a sanction under 28 U.S.C. §

1927 is justified and reasonable.

6

**Other Louisiana state defendants**

The magistrate judge also held that the official capacity claims against the State of Louisiana, LSP, LDPSC, and the Office of Disciplinary Counsel would be "futile" in light of the Eleventh Amendment immunity.  (Rec. Doc. 429, p. 5).  The plaintiff again argues that any Eleventh Amendment immunity was waived in the proposed amended complaint based on their "voluntary decision" to invoke federal court jurisdiction in other federal cases.  The Court rejects the plaintiff's challenge to the availability of Eleventh Amendment immunity for such claims and finds that permitting amendment in order to again recognize  entitlement to immunity would be futile.  The Court notes that the state agencies' involvement in other Katrina cases, especially as plaintiffs, has nothing to do with this plaintiff.

**United States/Michael Magner ("Magner")**

The magistrate judge  found that the plaintiff admitted that Magner's involvement is still unknown, FTCA exhaustion is not apparent and "it does not appear that plaintiff's allegations are sufficient to fit within the waiver of sovereign immunity set forth in 28 U.S.C. § 2680(h)."  (Rec. Doc. 429, p. 7).   This Court previously dismissed the plaintiff's claim against Magner in April 2007 because the facts alleged, if taken as

true, do not state a claim that he was more than a bystander.   (Rec. Docs. 111, 159).  In

November 2007, the Court specifically held:

> To the extent that the plaintiff intends to assert any claim against the
> Untied States, the procedural requirements must be met.  To the extent
> that claim is based solely on the allegations previously made against
> Magner, that claim will be subject to dismissal for failure to state a claim.
> To the extent that the plaintiff is making a separate claim under the
> Freedom of Information Act, that claim will be dismissed without
> prejudice.  The Court may require that a separate suit be filed unless a
> sufficient direct nexus to the subject matter of this suit is shown in a
> properly filed motion for leave to amend.

 (Rec. Docs. 317, pp. 14-15).

The plaintiff now argues that Magner's office had an office on the second floor of

"Camp Amtrak" and that he specifically pleads that Magner "knew that plaintiff was

being falsely imprisoned there, and ... did nothing to facilitate plaintiff's release."   (Rec.

Doc. 436, p. 16).  He admitted to the magistrate judge that Magner's involvement is

unknown.  (Rec. Doc. 429, p. 7).   He also makes a Freedom of Information Act claim,

yet does not address the magistrate judge's finding that neither the United States or

Magner are proper defendants, or whether there is a sufficient nexus between any FOIA

claim and the claims made in this matter.   The Court finds that plaintiff's proposed

amendment does not cure any deficiency and would be futile.

8

**Additional causes of action against all defendants for obstruction of justice, spoliation of evidence, subornation of perjury and conspiracy to commit perjury**

The magistrate judge did not provide detailed reasons for denying the plaintiff's proposed amendment to raise additional claims against the defendants.  Rather, she states "While the Court by no means intends to minimize the seriousness of the allegations previously made by plaintiff in this case, such caustic, premature, and threatening rhetoric as sought to be added by plaintiff does little to foster the progress of this case."  (Rec. Doc. 429, p. 8).   The Court finds that the plaintiff does have the right to amend to add new claims as evidence unfolds.  It would appear that additional information implicating some defendants has come out on appeal, and amendment to conform with that evidence is appropriate.  Any amendment is subject to the right of the defendants to file appropriate motions for dismissal and sanctions, and notice is given the plaintiff that sanctions will be imposed if appropriate and that such sanctions may be substantial, if appropriate.

**Sanctions**

The plaintiff seeks sanctions because of certain information allegedly revealed on appeal.   The Court unhesitantly finds that the plaintiff 's procedural impasse  is of his own making.   Deficiencies in his pleadings are his creation and his habit of making

9

allegations without any factual basis has not served him well.  The lack of

professionalism is counterproductive.  He alone is responsible for any lack of legal

research,  preparation or foresight, and the Court has clearly advised him to retain

outside and competent counsel.  Sanctions are not appropriate.


**Motion to compel discovery**

Again, in November 2007, we ordered "initial discovery by the plaintiff shall be

limited to the arresting officers, as suggested at oral argument, and as specifically

directed and supervised by the Magistrate Judge."  (Rec. Doc. 317, pp. 26-27).   This

limitation was first raised at oral argument, and the plaintiff did not argue to the Court

that the consequences of that limitation would be a total shutdown of discovery once

appeal was taken.   That consequence was not intended by the undersigned, and that

order will be rescinded.


**5.     MOTION TO ENFORCE COURT ORDER**

Certain of the Louisiana defendants argue that the plaintiff's use of the terms

"snowball in hell" and "goons" in his opposition to the motion to stay should be subject

to the Court's previously-threatened monetary sanctions.   (Rec. Doc. 432, p. 2).   The

plaintiff disagrees in a defiant opposition rife with sanctionable language.  The plaintiff

has offered no explanation for this filing.  (Rec. Doc. 453).

In its November 21, 2007, Order and Reasons, the Court put the plaintiff on

notice as follows:

> The plaintiff is a licensed attorney.   He has willfully crossed a line that
> should never have been approached by any member of the Bar of this Court.
> During its entire tenure on the bench, this Court has never witnessed an
> attorney's use of written unprofessional and derogatory language that rivals the
> plaintiff's in this matter.  The plaintiff is formally advised that if, in the future, he
> includes in any document he files into the record any future language that is
> challenged by any other party and which the Court finds to be unprofessional or
> derogatory, the plaintiff will be subject to a fine of $1,000 for each word in the
> sentence containing offensive language, payable as the Court directs.
> To the extent that the  plaintiff or any other party is recalling a party's
> own use of offensive language during the events involving the arrest and
> incarceration, inclusion of the language may be acceptable.   To the extent the
> plaintiff is using offensive language directed to another person or party,
> however, it will be deemed sanctionable.  To the extent that the plaintiff's
> language is obscene or unnecessarily offensive and directed to another party's
> alleged conduct, it will be deemed sanctionable.

(Rec. Doc. 317, pp. 25-26 ).

The Court disagrees that the phrase "[a] snowball's chance in hell" is

sanctionable, while noting that it previously admonished that the use of the term

"police goons" "is entirely inappropriate;" " the plaintiff is specifically put on notice

that the use of such language is unnecessary, unpersuasive and unprofessional and will

be subject to sanctions in the future."   (Rec. Doc. 317, p. 13).   The tenor of the plaintiff's

opposition in response to the motion, however, has raised the level of his lack of professionalism to inexcusably new heights, encompassing contempt.

The Court finds that the sentences containing the following phrases in the plaintiff's opposition are sanctionable under its previous notice, and presents the total number of words in the sentence containing the objectionable words or phrase in parentheses:

"Louisiana Department of 'Injustice'" (Rec. Doc. 447, pp. 1-2)(57)

"'Broom-Stick' Deal"

"'Can't Recall' Keller"

"'Spear-Chucker' Glazer"

"Louisiana Department of Injustice" (Rec. Doc. 447, pp. 2-3)(62)

"Human scum"

"Sadists"

"Sociopaths"

"Psychopaths"

"Vermin"

Louisiana Department of 'Injustice'" (Rec. Doc. 447, p. 3)(23)

"'Goon squad'"  (Rec. Doc. 447, p. 3)(60)

"Louisiana Department of 'Injustice'" (Rec. Doc. 447, p. 4) (59)

"Scoundrels" (Rec. Doc. 447, p. 6)(40)

In addition, there are 104 words in the sentence containing the word "goons" in the

plaintiff's original opposition to the motion to stay. (Rec. Doc. 443., p. 2) By the

Court's count, the plaintiff has exposed himself to a total potential sanction of $405,000

pursuant to the notice previously given. The movers seek only $20,000 in sanctions.

Under Fed. R. Civ. Pro. 11, a signature by an attorney on any paper filed in the

record is a certification "that to the best of the person's knowledge, information, and

belief, formed after an inquiry reasonable under the circumstances ... it is not being

presented for any improper purpose, such as to harass ...." The rule further provides

that "an appropriate sanction" may be imposed on a signing attorney by the Court "[i]f,

after notice and a reasonable opportunity to respond, the court determines that Rule

11(b) has been violated."

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

*Id.*

In addition to Rule 11, the Court has inherent power to impose sanctions for abusive conduct.

> ..."Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." ... These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

*Chambers v. NASCO, Inc.*, 501 U.S. 2123, 2132  (1991).  "Because of their very potency, inherent powers must be exercised with restraint and discretion.  *Id.*  "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process."  *Chambers*, 501 U.S. at 2133.  The threshold for the use of this inherent power is high and requires a specific finding of bad faith.  *Toon v. Wachenhut Corrections Corp.*, 250 F.3d 950, 952 (5th Cir. 2001).   "If there is a reasonable probability that a lesser sanction will have the desired effect, the court must try the less restrictive measure first."  *National Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1999).

The Court is mindful that it must "exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees ..."  *Chambers*, 501 U.S. at 2136.   The Court finds that the plaintiff has acted in bad faith in filing the documents containing

14

the challenged language.   In light of its previous admonitions to the plaintiff and with

the hope that a lesser sanction than arguably called for will deter the plaintiff from

future unprofessional conduct, the Court sanctions the plaintiff in the amount of $10,000

payable to the Court's Attorneys' Registration and Disciplinary Fund.

Accordingly,

IT IS ORDERED that:

(1) the motion to stay case pending appeal filed by  State of Louisiana, Dept. of

Public Safety & Corrections, Office of State Police, Trooper John Nelson and Trooper

Christopher Ivey is DENIED (Rec. Doc.  432).  The Court's previous order limiting the

scope of discovery is RESCINDED and the issue of discovery  is REFERRED to the

magistrate judge to devise a reasonable discovery plan;

(2) the motion to strike filed by the plaintiff is DENIED (Rec. Doc. 450);

(3) motion to enroll as co-counsel filed by Justice Kimball and Louisiana Supreme

Court is GRANTED (Rec. Doc. 457);

(4) the motion to review magistrate's order and for sanctions filed by the plaintiff

is PARTIALLY GRANTED and PARTIALLY DENIED (Rec. Doc. 436);

(5) the motion to enforce court order filed by State of Louisiana, LDPSC, LSP,

Nelson and Ivey is PARTIALLY GRANTED and PARTIALLY DENIED (Rec. Doc.

15

444); the plaintiff shall pay to the Court's Attorney Registration and Disciplinary Fund a sanction in the amount of $10,000 by October 31, 2008; and

(6) the plaintiff's motion to set motions for hearing and for oral argument is DENIED (Rec. Doc. 465).

IT IS FURTHER ORDERED that the plaintiff shall refrain from using any unprofessional or derogatory language in any future filing into the record.  To the extent that the plaintiff or any other party is recalling a party's own use of offensive language during the events involving the arrest and incarceration, inclusion of the language may be acceptable.   In all other respects, it is not.  To the extent the plaintiff is using offensive language directed to another party or counsel, it will be deemed sanctionable.  To the extent that the plaintiff's language is obscene or unnecessarily offensive and directed to another party's alleged conduct, it will be deemed sanctionable.  Violation of this order shall result in sanctions, including a fine of $1,000 for each word in the sentence containing offensive language and dismissal, if appropriate.

New Orleans, Louisiana, this 25th  day of September, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE